# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | MJ423-055 |
| | ) | |
| TREAMON DOMINIC LACY, | ) | |
| | ) | |
| Defendant. | ) | |

_____

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CR423-069 |
| | ) | |
| TREAMON DOMINIC LACY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

On July 10, 2023, the Government filed a Complaint charging Defendant Treamon Dominic Lacy with one count of theft of government property, in violation of 18 U.S.C. § 641, and one count of damage to government property, in violation of 18 U.S.C. § 1361. *See* MJ423-055, doc. 1 at 1 (S.D. Ga. July 10, 2023). On July 12, 2023, the Honorable Brian K. Epps found probable cause to have the matters alleged in the Complaint considered by the Grand Jury. MJ423-055, doc. 11 at 1 (S.D.

Ga. July 12, 2023). On July 13, 2023, Judge Epps granted the Government's motion for a psychiatric evaluation of Defendant, pursuant to 18 U.S.C. §§ 4241 and 4247. *See* MJ423-055, doc 12 at 1 (S.D. Ga. July 13, 2023). A report has been submitted in compliance with that Order by medical staff at the Federal Medical Center in Fort Worth, Texas. *See* MJ423-055, doc. 19 (S.D. Ga. Oct. 20, 2023). As discussed below, the parties have stipulated to the examiner's findings. *See* MJ423-055, doc. 20 at 2 (S.D. Ga. Nov. 10, 2023).

On August 8, 2023, the Grand Jury returned an indictment against Defendant charging one count of damage to government property, in violation of 18 U.S.C. § 1361, and one count of theft of government money, property, or records, in violation of 18 U.S.C. § 641. *See* CR423-069, doc. 1 (S.D. Ga. Aug. 8, 2023). As the parties' stipulation, discussed above, points out, Defendant has not had his initial appearance or arraignment on the indicted charges. *See* MJ423-055, doc. 20 at 1 n. 1 (S.D. Ga. Nov. 10, 2023).

Because Defendant's competency is identically implicated in both cases, the Clerk is **DIRECTED** to docket: (1) Judge Epps' Order, finding

"reasonable cause to believe Defendant may suffer from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense," MJ423-055, doc. 12; (2) the Psychiatric Report, MJ423-055, doc. 19; and (3) the parties' stipulation to the Psychiatric Report's findings, MJ423-055, doc. 20, into Case Number CR423-069. Since the Psychiatric Report was filed under seal, *see* MJ423-055, doc. 19, the Clerk is **DIRECTED** to **SEAL** the Report when it is docketed in CR423-069. Based on those documents, the Court enters the following Report and Recommendation, which the Clerk is **DIRECTED** to docket in both cases.

After evaluating Lacy at the Federal Medical Center in Fort Worth, Texas, his examiner concluded that "[a]s a result of his mental health symptoms, he appears to lack the present ability to rationally understand the consequences of the proceedings, to make relevant legal decisions, and / or to adequately consult with an attorney regarding his case." MJ423-055, doc. 19 at 11. The parties have stipulated that they do not dispute the examiner's conclusion and do not seek to introduce any

further evidence concerning Defendant's mental state. *See* MJ423-055, doc. 20 at 2. The parties also agree that Defendant should "be committed to [the custody of] the Attorney General for treatment and evaluation . . . to allow for an assessment of whether there is a substantial probability [Defendant] will attain the capacity to permit the proceedings to go forward." *Id.*; *see also* 18 U.S.C. § 4241(d)(1).

Given the agreement of counsel for Defendant and the Government, and the examining psychologist's recommendation, the Court should find that the evidence preponderates that defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, and competency restoration procedures are, therefore, appropriate.[1]  18

---

[1]  Although Lacy's examiner's report includes a statement of his prognosis, *see* MJ423-055, doc. 19 at 12, commitment pursuant to § 4241(d) is mandatory. *See United States v. Donofrio*, 896 F.2d 1301, 1302-03 (11th Cir. 1990) ("The permanency of [defendant's] condition was not an issue before the district court [prior to commitment pursuant to § 4241(d)], however. Once the court found by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rending him mentally incompetent to stand trial, then it was required to commit the defendant to the custody of the Attorney General." (internal quotation marks omitted)); *United States v. Shawar*, 865 F.2d 856, 861 (7th Cir. 1989) ("Our reading of 18 U.S.C. § 4241(d) is not only that commitment is mandatory, but

4

U.S.C. § 4241(d). It is **RECOMMENDED** that the defendant be committed to the custody of the Attorney General, who should be **DIRECTED** to hospitalize the defendant for treatment in a suitable facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future, he will attain the capacity to permit the revocation proceedings to proceed. 18 U.S.C. § 4241(d)(1); *see Donofrio*, 896 F.2d at 1303.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections

---

also that likelihood of recovery is not something to be considered by the district court in deciding whether to commit the defendant for the evaluation period."); *United States v. Buckingham*, 2020 WL 7238273, at *6 (N.D. Ala. Dec. 9, 2020) ("The court notes that this commitment[, pursuant to § 4241(d),] is not discretionary because the clear language of the statute mandates that the court 'shall' commit an incompetent defendant to the Attorney General." (citations omitted)).

should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED** this 17th day of November, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA