IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
|  | ) CASE NO. 4:23-mj-55 |
| v. | ) |
|  | ) |
| TREAMON DOMINIC LACY | ) |

## STIPULATION

The undersigned Special Assistant United States Attorney and counsel for Defendant stipulate to the following information:

1. On July 10, 2023, Defendant was charged by complaint with violations of Title 18, United States Code, Sections 1361 (Damage to Government Property) and 641 (Theft of Government Property). 4:23-mj-55 Doc. 1.

2. On July 11, 2023, the Government filed a motion for competency evaluation. 4:23-mj-55 Doc. 9.

3. On July 11, 2023, the parties appeared for an initial appearance and arraignment for the complaint. The parties agreed that Defendant should be evaluated. As such, the Court ordered a competency evaluation. 4:23-mj-55 Doc. 12.

4. On August 8, 2023, Defendant was charged by indictment with violations of Title 18, United States Code, Sections 1361 (Damage to Government Property) and 641 (Theft of Government Property). 4:23-CR-69 Doc. 1.[1]

5. In accordance with the Court's order, Defendant was transported to Federal Medical Center Fort Worth, Texas. A forensic psychologist at that facility,

---

[1] As Defendant was already in the process of receiving his evaluation, he has still not had his initial appearance and arraignment in this matter.

Dr. Samuel Browning, Ph.D, evaluated Defendant and issued a written report dated October 9, 2023, detailing his opinion of Defendant's competency. In his report, Dr. Browning opined that Defendant is not competent to stand trial at this time.[2]

6. The undersigned have received and reviewed that report and do not contest Dr. Browning's opinions as to Defendant's current competency. Nor do the undersigned have any objections to Dr. Browning's assessment procedures, evaluation, findings, diagnosis, or prognosis. The undersigned stipulate to the report of Dr. Browning concerning Defendant's competency, and we specifically agree that the findings are true and accurate, need not be proven by any further evidence, and may be considered by the Court as true and accurate.

7. The undersigned recognize that 18 U.S.C. § 4241(d)(1) requires the Court to order the Attorney General to hospitalize an incompetent defendant for a reasonable period of time not to exceed four months for purposes of competency restoration and evaluation.[3] Accordingly, the undersigned recommend Defendant be committed to the Attorney General for treatment and evaluation at a Federal Medical Center to allow for an assessment of whether there is a substantial probability he will attain the capacity to permit the proceedings to go forward.

---

[2] Dr. Browning only evaluated Defendant's competency to stand trial. He explained that the "mental state at the time of the alleged offense is typically addressed in an accompanying addendum." *See Report* at 2.

[3] An extension of this four-month period is permissible under § 4241(d)(2).

8.      The undersigned waive the right to present any additional evidence at a competency hearing.[4]

Respectfully submitted this 10th day of November 2023.

                                         JILL E. STEINBERG
                                        UNITED STATES ATTORNEY

*/s/ Michael Z. Spitulnik*
Michael Z. Spitulnik
Special Assistant United States Attorney

Post Office Box 8970
Savannah, Georgia 31412
Telephone: (912) 652-4422
Facsimile: (912) 652-4388
E-mail: michael.spitulnik@usdoj.gov

*/s/ Troy W. Marsh, Jr.*
Troy W. Marsh, Jr.
Attorney for Defendant Treamon Dominic Lacy

The Marsh Law Firm
Post Office Box 1897
34 Courtland Street
Statesboro, Georgia 30459
Telephone: (912) 764-7388
Facsimile: (912) 489-7325
E-mail: troy@troymarshlaw.com

---

[4] The Parties reserve the right to a hearing on the question of criminal responsibility at such time that the defendant is evaluated for same by a forensic psychologist.